**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1510
_____

M.S.; S.S., ON BEHALF OF H.S.,
                                                          Appellants

v.

HILLSBOROUGH TOWNSHIP PUBLIC SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:18-cv-02335)
District Judge: Hon. Brian R. Martinotti
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges.*

(Filed: December 13, 2019)
_____

OPINION*
_____

MATEY, *Circuit Judge*.

---

  * This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

M.S. and S.S. want the Hillsborough Township Public School District to pay for an independent educational evaluation ("IEE") for their son, H.S. Hillsborough declined, because the District had not conducted its own educational evaluation. We agree that a disputed evaluation is a requirement for a publicly funded IEE. So we will affirm the District Court's grant of summary judgment for Hillsborough.

## I. BACKGROUND

Hillsborough evaluated H.S. in 2011, finding him eligible for special education and related services. Six years later, M.S. and S.S. (the "Parents") worked with Hillsborough, and the parties agreed to a reevaluation of H.S. to determine his continued eligibility for special services. But the Parents then shifted course, requested an IEE at Hillsborough's expense, and withdrew their consent for Hillsborough's planned reevaluation. The District declined, explaining that reimbursement for an IEE hinged on a disagreement with the school's own evaluation. And that had not occurred.

The Parents elected to obtain an IEE at their own expense. Then, they filed a Petition for Due Process in the Office of Special Education Policy and Procedure ("OSEPP") seeking reimbursement from the District. OSEPP referred the matter to the Office of Administrative Law, which ordered Hillsborough to pay. The District Court disagreed, holding the Parents had no right to a publicly funded IEE absent a disputed evaluation. This timely appeal followed. The District Court had jurisdiction under 20 U.S.C. § 1415(i)(3)(A), 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

## II. ANALYSIS

### A. The Requirements of the IDEA

The Individuals with Disabilities Education Act ("IDEA") ensures that children with disabilities enjoy appropriately tailored public schooling that emphasizes special education and related services. 20 U.S.C. § 1400(d)(1)(A). Eligibility requires an evaluation from a public agency, such as a school district board of education. *See* 20 U.S.C. §§ 1401(19)(A), 1414(a)(1)(A); N.J.A.C. §§ 6A:14-2.5 (discussing protections in evaluation procedures and noting that district boards of education conduct evaluations), 6A:14-3.1(a)–(b) (stating that "child study team" members are responsible for the evaluation of students and must be employees of a district board of education). Parents may also seek an IEE under federal and state regulations. *See* 34 C.F.R. § 300.502(b); N.J.A.C. § 6A:14-2.5(c). And, in some cases, that IEE may receive public funding.

### B. Public Funding for an IEE

The text of both the federal and state regulations provide public funding when (1) a public agency conducts an evaluation; and (2) the parent disagrees with that evaluation. For example, 34 C.F.R. § 300.502(b)(1) provides that "[a] parent has the right to an independent educational evaluation at public expense *if* the parent disagrees with an evaluation obtained by the public agency." (emphasis added). So too, N.J.A.C § 6A:14-2.5(c) states that *"[u]pon completion of an initial evaluation or reevaluation,* a parent may request an independent evaluation *if* there is disagreement with the initial evaluation or a reevaluation provided by a district board of education." (emphasis added). The conjunction

3

"if" in both makes it clear that a publicly funded IEE follows a disputed evaluation by a public agency.

Regulatory interpretations by the United States Department of Education (the "DOE") confirm this reading. For example, the DOE explained "[t]he right of a parent to obtain an IEE is triggered if the parent disagrees with a public initiated evaluation." 64 Fed. Reg. 12,608 (Mar. 12, 1999). So "if a parent refuses to consent to a proposed public evaluation in the first place, *then an IEE at public expense would not be available* since there would be no public evaluation with which the parent can disagree." *Id.* (emphasis added); *see also* 71 Fed. Reg. 46,689 (Aug. 14, 2006) ("If a parent disagrees with the results of a completed evaluation . . . the parent has a right to an IEE at public expense . . . . The parent, however, would not have the right to obtain an IEE at public expense before the public agency completes its evaluation . . . ."). Simply stated, only a disputed public evaluation can trigger a right for a publicly funded IEE.

Our decision in *Warren G. v. Cumberland County School District*, 190 F.3d 80 (3d Cir. 1999) does not direct a different result. There, we held that parents need not disagree with a public evaluation before seeking an IEE. *Warren G.*, 190 F.3d at 87. That is unremarkable, because to insist on a disagreement before seeking an IEE "would render the regulation pointless because the object of parents' obtaining their own evaluation is to determine whether grounds exist to challenge the District's." *Id.* Even so, a parent must disagree with an evaluation before there is a right to obtain public funding for an IEE. Neither our prior decision, nor, more importantly, the text of the statute, can be read to permit reimbursement without ever disagreeing with the prior evaluation. Put differently,

4

*Warren G.* addressed when a disagreement may arise, not whether a disagreement is necessary. And the text of the statute and regulations make plain that it is.[1]

### C. New Jersey's Regulations

In response, the Parents point to New Jersey's administrative code. They correctly note that, under N.J.A.C. §§ 6A:14-2.5(c)(1)(ii) and 6A:14-2.7(b), a public agency must request a due process hearing within twenty days after denying a request for a publicly funded IEE. And since that did not happen here, the Parents reason Hillsborough has waived its right to object. But only half of this argument is correct. Because federal and state law still limit public funding for an IEE to a dispute over an initial evaluation, the twenty-day limits of N.J.A.C. §§ 6A:14-2.5(c)(1)(ii) and 6A:14-2.7(b) never started and do not foreclose Hillsborough's denial. And disagreement is a necessary predicate to a claim for public funding. So the District Court correctly granted summary judgment.[2]

---

[1] The Parents offer an alternative route, citing previous evaluations of H.S. dating to at least 2011. These reviews, they conclude, satisfy the prior screening requirement. Perhaps, but as the District Court correctly explained, the Parents did not disagree with these prior evaluations. And in this appeal, they waived any reconsideration of that factual determination. (Br. of Appellants at 9.)

[2] The District Court stated that "[s]ubsection (b) [of 34 C.F.R. § 300.502] provides, in pertinent part, that a 'parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency' provided that the parents file a due process complaint to request a hearing." (App. at 14a.) That is incorrect, as § 300.502 does not require a due process complaint to receive a publicly funded IEE. Rather, the regulation only requires a disagreement with an initial public evaluation.

5

### III. CONCLUSION

The right to a publicly funded IEE only arises after a disagreement over a public agency's educational evaluation. As the Parents never objected, the right to request a publicly funded IEE never arose, and Defendant had no duty to request a due process hearing. For that reason, the District Court was correct in granting summary judgment to Defendant, and we will affirm.